1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FLOYD A. CUMMINGS,                          No.  2:13-cv-00128 DAD P

12                Plaintiff,

13        v.                                     ORDER

14   MOON JEU, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  This action was removed by the defendants

18   from the Sacramento County Superior Court to this court.  Before the court is plaintiff's amended

19   complaint filed in state court as well as motions for a screening order and an extension of time to

20   file a response filed on behalf of defendants.[1]

21   **I. Plaintiff's Amended Complaint**

22        Plaintiff has used the state court's form complaint and therein indicates that he is

23   proceeding with an Eighth Amendment claim, alleging that the defendants provided him with

24   inadequate medical care .  (ECF No. 2 at 30.)  Plaintiff names as defendants Dr. M. Jeu and Dr.

25   Paramuir Sahota.  In his amended complaint plaintiff alleges that since December 19, 2010,

26

27   _____
     [1] Defendants explain that although plaintiff's original complaint presented only state law claims,
28   plaintiff subsequently filed an amended complaint in the Sacramento County Superior Court
     setting forth only an Eighth Amendment claim.  (ECF No. 2 at 2 & 28-34.)

                                                    1

1  defendants "denied treatment for my liver condition as well as housing."  (Id. at 32 & 33.)

2  Plaintiff contends that he did not receive medical treatment which were "necessary" for his

3  "health and welfare" and that defendants have acted with deliberate indifference to his serious

4  medical needs.  (Id.)  Plaintiff seeks triple exemplary damages or $500,000,000.

5  **II.  Screening Requirement**

6        The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  However, in order to survive dismissal for failure to state a claim a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

27  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

28  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1        The allegations in plaintiff's amended complaint filed in state court are so vague and

2   conclusory that the court is unable to determine whether the current action is frivolous or fails to

3   state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint

4   must give fair notice to the defendants and must allege facts that support the elements of the claim

5   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

6   Plaintiff must allege with at least some degree of particularity overt acts which defendants

7   engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

8   requirements of Federal Rule of Civil Procedure 8(a)(2), his amended complaint must be

9   dismissed.  The court will, however, grant plaintiff leave to file a second amended complaint.

10  **III.  Medical Care Claim**

11       If plaintiff wishes to proceed with a claim that he received inadequate medical care while

12  imprisoned in violation of his rights under the Eighth Amendment, he is advised of the following

13  applicable legal standards for stating such a claim.  In Estelle v. Gamble, 429 U.S. 97, 106

14  (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual

15  punishment cognizable under the Eighth Amendment unless the mistreatment rose to the level of

16  "deliberate indifference to serious medical needs."  Deliberate indifference is "a state of mind

17  more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the

18  prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

19       To state a cognizable claim for inadequate medical care, plaintiff must allege facts

20  demonstrating how each defendant's actions rose to the level of "deliberate indifference."

21  Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not

22  support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing

23  Estelle, 429 U.S. at 105-06).  See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991)

24  ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,'

25  . . . militates against a finding of deliberate indifference"), overruled on other grounds by WMX

26  Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Likewise, a mere disagreement

27  between plaintiff and defendants as to the appropriate course of medical treatment fails to state a

28  cognizable § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir.

2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

In addition, in his second amended complaint, plaintiff must allege in more detail the facts surrounding his liver condition and the medical treatment he was provided by defendants. Moreover, he must allege facts demonstrating how each defendant was deliberately indifferent about his medical condition. I any second amended complaint he elects to file in this action plaintiff must allege facts in sufficient detail rather than conclusory statements that defendants acted with "deliberate indifference." (ECF No. 2 at 32 & 33.) Furthermore, plaintiff must allege facts clarifying how his assigned housing adversely impacted his medical condition or the treatment thereof.

**IV.  Requirements for Second Amended Complaint**

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.  Defendants' Motion**

Defendants Jeu and Sahota have filed a request that the court screen the amended complaint and grant defendants thirty-days from the date of the screening order to file their responsive pleading.  In light of this screening order, the defendants' request will be denied as moot.  The court will not order a responsive pleading until plaintiff has filed a cognizable complaint which the court has screened.

**VI.  Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint (ECF No. 2 at 29-34) is dismissed.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case (2:13-cv-00128 DAD P) and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided with this order; failure to file a second amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

3.  Defendants' January 22, 2013 request for a screening order and extension of time (ECF No. 3) is denied as moot.

4.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated:  August 26, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cumm128.14+